**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES L. ORRINGTON, II, DDS, P.C., | ) |
| on behalf of plaintiff and | ) |
| the class members defined herein, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GERI JONES doing business as | ) |
| QUIZNOS SUB #14577, JONES | ) |
| BUSINESS ENTERPRISES, INC., | ) |
| a dissolved corporation, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff James L. Orrington, II, DDS, P.C., brings this action to secure redress

for the actions of defendants Geri Jones, doing business as Quiznos Sub #14577, and Jones

Business Enterprises, Inc., a dissolved corporation, in sending or causing the sending of unlawful

advertisements to telephone facsimile machines in violation of the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2

("ICFA"), and the common law.

**PARTIES**

2.      Plaintiff James L. Orrington, II, DDS, P.C., is a corporation with offices in the

Chicago metropolitan area, where it maintains telephone facsimile equipment.

3.      Defendant Geri Jones was the principal officer of Jones Business Enterprises,

Inc., an Illinois corporation which was doing business as Quiznos Sub #14577 at 1332 South

Halsted, Chicago, Illinois 60609.  After the corporation was dissolved, Geri Jones continued to

operate Quiznos Sub #14577. The conduct at issue occurred after the dissolution. Geri Jones may

1

be found at 9227 South Woodlawn Avenue, Chicago, Illinois 60619.

4.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.     Have transacted business in Illinois.

    c.     Are located in Illinois.

7.      Venue in this District is proper for the same reason.

## FACTS

8.     On November 12, 2013, (not November 12, 2011 as indicated on the fax), plaintiff James L. Orrington, II, DDS, P.C. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

9.     Discovery may reveal the transmission of additional faxes as well.

10.    Defendants Geri Jones, doing business as Quiznos Sub #14577, and Jones Business Enterprises, Inc., a dissolved corporation, are responsible for sending or causing the sending of the faxes.

11.    Defendants Geri Jones, doing business as Quiznos Sub #14577, and Jones Business Enterprises, Inc., a dissolved corporation, as the persons whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

12.    Defendants either negligently or wilfully violated the rights of plaintiff and other

2

recipients in sending the faxes.

13.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

14.     The TCPA provides for affirmative defenses of consent or an established business relationship.  Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA.  *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013);  *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

15.     The  fax does not contain an "opt out" notice in the form required by 47 U.S.C. § 227.

16.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

17.     On information and belief, defendants have transmitted similar fax advertisements to at least 40 other persons in Illinois.

18.     There is no reasonable means for plaintiff or other recipients of defendants' advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## <u>COUNT I – TCPA</u>

19.     Plaintiff incorporates ¶¶ 1-18.

20.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21.     Plaintiff and each class member suffered damages as a result of receipt of the faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

22.     Plaintiff and each class member is entitled to statutory damages.

23.     Defendants violated the TCPA even if their actions were only negligent.

24.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendants Geri Jones, doing business as Quiznos Sub #14577, or Jones Business Enterprises, Inc., a dissolved corporation, promoting its goods or services for sale (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

26.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unlawful fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby engaged in unfair  acts and practices, in

4

violation of the ICFA.

d.   Whether defendants thereby converted the property of plaintiff.

e.   Whether defendants thereby created a private nuisance.

f.   Whether defendants thereby committed a trespass to chattels.

28.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29.   Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

30.   A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31.   Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009) affirmed in pertinent part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So.

2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

32.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Actual damages;

b.     Statutory damages;

c.     An injunction against the further transmission of unlawful fax advertising;

d.     Costs of suit;

e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

33.     Plaintiff incorporates ¶¶ 1-18.

34.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unlawful fax advertisements to plaintiff and others.

35.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36.     Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes, in the form of paper and ink or toner consumed as a result.

37.     Defendants engaged in such conduct in the course of trade and commerce.

6

38.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

40.     Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

41.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Geri Jones, doing business as Quiznos Sub #14577, or Jones Business Enterprises, Inc., a dissolved corporation, promoting its goods or services for sale (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

42.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

43.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

  a.      Whether defendants engaged in a pattern of sending unlawful fax advertisements;

  b.      Whether defendants thereby violated the TCPA;

7

      c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      d.      Whether defendants thereby converted the property of plaintiff.

      e.      Whether defendants thereby created a private nuisance.

      f.      Whether defendants thereby committed a trespass to chattels.

44.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

46.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

47.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.      Appropriate damages;

      b.      An injunction against the further transmission of unlawful fax advertising;

      c.      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

48.     Plaintiff incorporates ¶¶ 1-18.

49.     By sending plaintiff and the class members unlawful faxes, defendants converted

8

to their own use ink or toner and paper belonging to plaintiff and the class members.

50.     Immediately prior to the sending of the unlawful faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

51.     By sending the unlawful faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

52.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

53.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unlawful faxes.

54.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

55.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Geri Jones, doing business as Quiznos Sub #14577, or Jones Business Enterprises, Inc., a dissolved corporation, promoting its goods or services for sale (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

56.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

57.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.      Whether defendants engaged in a pattern of sending unlawful fax advertisements;

9

b.      Whether defendants thereby violated the TCPA;

c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.      Whether defendants thereby converted the property of plaintiff.

e.      Whether defendants thereby created a private nuisance.

f.      Whether defendants thereby committed a trespass to chattels.

58.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

59.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

60.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

61.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter  judgment in favor of plaintiff and the class and against defendants for:

a.      Appropriate  damages;

b.      An injunction against the further transmission of unlawful fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.

### COUNT IV – PRIVATE NUISANCE

62.    Plaintiff incorporates ¶¶ 1-18.

63.     Defendants' sending plaintiff and the class members unlawful faxes was an unreasonable invasion of the property of plaintiff and the class members and constitutes a private nuisance.

64.     Congress determined, in enacting the TCPA, that the prohibited conduct was a "nuisance."  *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

65.     Defendants acted either intentionally or negligently in creating the nuisance.

66.     Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes.

67.     Defendants should be enjoined from continuing its nuisance.

## CLASS ALLEGATIONS

68.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers,  (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Geri Jones, doing business as Quiznos Sub #14577, or Jones Business Enterprises, Inc., a dissolved corporation,  promoting its goods or services for sale (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

69.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

70.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendants engaged in a pattern of sending unlawful fax advertisements;

        b.     Whether defendants thereby violated the TCPA;

        c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        d.      Whether defendants thereby converted the property of plaintiff.

        e.      Whether defendants thereby created a private nuisance.

        f.      Whether defendants thereby committed a trespass to chattels.

71.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

72.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

73.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

74.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unlawful fax advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

### COUNT V – TRESPASS TO CHATTELS

75.     Plaintiff incorporates ¶¶ 1-18.

76.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

77.     Defendants' sending plaintiff and the class members unlawful faxes interfered with

their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unlawful faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

78. Defendants acted either intentionally or negligently in engaging in such conduct.

79. Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes.

80. Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

81. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Geri Jones, doing business as Quiznos Sub #14577, or Jones Business Enterprises, Inc., a dissolved corporation, promoting its goods or services for sale (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

82. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

83. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

     a. Whether defendants engaged in a pattern of sending unlawful fax advertisements;

     b. Whether defendants thereby violated the TCPA;

     c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

     d. Whether defendants thereby converted the property of plaintiff.

     e. Whether defendants thereby created a private nuisance.

        f.      Whether defendants thereby committed a trespass to chattels.

84.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

85.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

86.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

87.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter  judgment in favor of plaintiff and the class and against defendants for:

        a.      Appropriate  damages;

        b.      An injunction against the further transmission of unlawful fax advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.


        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)